**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
─────────────────────────────────────

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

                  **v.**       **08-CR-69S(Sr)**

**RONQUIKE MAISONET,**

        **Defendant.**

─────────────────────────────────────

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.  Dkt. #60.

## PRELIMINARY STATEMENT

Before the Court is defendant Ronquike Maisonet's omnibus motion for discovery.  Dkt. #125.  In addition to the relief sought in their own separately filed motions, each of which will be the subject of a separate Decision and Order, defendants Quentin Leeper, Major Anthony Newton and Dion D. Knight join in the aforementioned motion filed by defendant Ronquike Maisonet.  *See* Dkt. ## 114, 126-127.  Defendant Ronquike Maisonet similarly seeks this Court's permission to join in the motions filed by defendants Quentin Leeper, Major Anthony Newton and Dion D. Knight.  Thereafter, the government filed a consolidated response to all of the pending motions, including the above-described motion for discovery.  Dkt. #132.  At the conclusion of its consolidated response, the government has made a request for

reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure. *Id*. Each of the defendant's requests and the government's response will be separately addressed below using the headings set forth in defendant's motion. The following Decision and Order will principally address defendant Ronquike Maisonet's motion for discovery but will apply with equal force to those defendants who have "joined" in the relief sought by defendant Ronquike Maisonet. For the following reasons, defendant Maisonet's motion for discovery is granted in part and denied in part.

## DISCUSSION AND ANALYSIS

Defendants Quentin J. Leeper, Ronquike E. Maisonet, Raymond A. Hodnett, Major Anthony Newton, and Dion D. Knight are charged along with six co-defendants in a multi-count Superceding Indictment with having violated Title 21, United States Code, Sections 841(a)(1), 846 and 853(a) and Title 18, United States Code, Section 2. Dkt. ## 1 (Indictment) and 66 (Superceding Indictment). As a threshold matter, the government states in its consolidated response,

> [t]he government contends that it had provided, pursuant to voluntary discovery and requests made by defendants, the wiretap application, affidavit, warrant, sealing order, search warrant and inventories and affidavits thereto, preliminary laboratory reports, two DVDs containing all pertinent conversations, and transcripts thereof, constituting all material presently within its possession that is within the purview of Rule 16 and in compliance with Rule 12(b)(4)(B) and believes that discovery is thereby complete.

Dkt. #132, ¶ 4 (internal footnote omitted).

**"Summary Witness Testimony Before Grand Jury**
**and as Anticipated upon the Trial of this Action**"

By this request, defendant Maisonet seeks the production of the grand jury testimony relating to the Indictment and Superceding Indictment in this case. Dkt. #125, p.2. Moreover, defendant Maisonet seeks the production of a summary of the testimony of the witnesses who are expected to testify during the trial of this matter. *Id*. The Court notes that transcripts of grand jury testimony of witnesses called by the government to testify at trial must be made available to the defendant pursuant to and in accordance with Title 18, United States Code, Section 3500 ("*Jencks* Act material").

Title 18, United States Code, Section 3500 only requires that statements of witnesses called by the government be turned over to the defendant after the witness has completed his testimony on direct examination. In its response, the government states, "[t]he government agrees to provide impeachment <u>Brady</u> material, i.e., promises of leniency or immunity agreements with government's witnesses, criminal records of prosecution witnesses, immoral, various or criminal acts committed by witnesses, and prior inconsistent statements no later than one week prior to the commencement of trial, at which time the government will produce the <u>Jencks Act</u> material." Dkt. #132, ¶ 16. Accordingly, it appears from the government's response to the instant motion that the government has adopted a policy of turning such information over to the defendant prior to trial, defendant's request is therefore GRANTED and the government is hereby directed to comply with that policy, or in the alternative, produce such information in accordance with the scheduling order issued by the trial judge. With respect to that

portion of defendant Maisonet's request concerning a summary of each witnesses anticipated trial testimony, defendant's request is DENIED.

**"Informant's Notes, Nicknames, Photos"**

By this request, the defendant seeks the nicknames of each of the informants as well as their identity, photos and copies of all notes taken during the interviews of these informants.  Dkt. #125, p.2.  In its response, the government declines to provide the identity of its informants stating that the defendant has failed to assert a basis to warrant compliance with the request.  Dkt. #132, ¶ 9.

The government asserts that the defendant has failed to sufficiently state a basis for requiring the disclosure of this information or that the testimony of the informant would be of even marginal value to the defendant's case.  As a result, the holding of the Court of Appeals for the Second Circuit in *United States v. Saa*, 859 F.2d 1067 (2d Cir. 1988), *cert. denied*, 489 U.S. 1089 (1989), is dispositive of this request by the defendant wherein the Court stated:

> The leading Supreme Court case on this question, *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), holds that
>
>> [w]here the disclosure of an informant's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to the fair determination of a cause, the [informant's] privilege must give way.

353 U.S. at 60-61, 77 S.Ct. at 628.  The Court explained that "no fixed rule with respect to disclosure is justifiable."  *Id.* at 62, 77 S.Ct. at 628.  What is required is "balancing the public interest in protecting the flow of information against the individual's right to prepare his defense."  *Id.*  Whether non-disclosure is erroneous "must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors."  *Id.  See Rugendorf v. United States*, 376 U.S. 528, 534-35, 84 S.Ct. 825, 829, 11 L.Ed.2d 887 (1964); *United States v. Lilla*, 699 F.2d 99, 105 (2d Cir. 1983); *United States v. Ortega*, 471 F.2d 1350, 1359 (2d Cir. 1972), *cert. denied*, 411 U.S. 948, 93 S.Ct. 1924, 36 L.Ed.2d 409 (1973).

The defendant is generally able to establish a right to disclosure "where the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence." *United States v. Russotti*, 746 F.2d 945, 950 (2d Cir. 1984); *United States v. Roberts*, 388 F.2d 646, 648-49 (2d Cir. 1968); *see United States v. Price*, 783 F.2d 1132 (4th Cir. 1986); *United States v. Barnes*, 486 F.2d 776 (8th Cir. 1973). In *Roberts*, the informant introduced an undercover agent to the defendant and was present when the defendant and the agent negotiated and transacted two sales of heroin.  The Court, noting that the informant was "present during all the significant events," 388 F.2d at 649, found that he was "obviously a crucial witness to the alleged narcotics transactions," *id.*, and therefore, his whereabouts should have been revealed to the defense if properly requested. But disclosure of the identify or address of a confidential informant is not required unless the informant's testimony is shown to be material to the defense.  *See United States v. Valenzuela-Bernal*, 458 U.S. 858, 870-81, 102 S.Ct. 3440, 3448, 73 L.Ed.2d 1193 (1982) (dictum); *United States v. Lilla*, 699 F.2d at 105.  As this Court's recent opinion in *United States v. Jiminez*, 789 F.2d 167 (2d Cir. 1986) makes clear, it is not sufficient to show that the informant was a participant in and witness to the crime charged.  In *Jiminez*, the informant was both participant and witness, but the district court's refusal to order disclosure of his identity was upheld on the ground that the defendant had failed to show

that the testimony of the informant "would have been of even
marginal value to the defendant's case.  789 F.2d at 170."

*Id.* at 1073; *see also United States v. Fields*, 113 F.3d 313, 324 (2d Cir.), *cert. denied*,
522 U.S. 976 (1997).

Moreover, with respect to the defendant's request for notes of interviews
of the government's informants, the government stated in its response that it will
disclose written statements of witnesses and investigative agency or police department
memoranda of interviews with witnesses consistent with the requirements set forth in
Title 18, United States Code, Section 3500.  The Court notes that the government has
represented that *Jencks* Act material will be produced no later than one week prior to
the commencement of trial.  Finally, to the extent that defendant Maisonet's request
seeks the production of "rough notes," the government's response states "[r]egarding
rough notes, no such basis exists at this time for providing the requested materials, if
they exists.  The government will endeavor to maintain such materials, if they exist.
This in no way should be construed as any concession that said notes are subject to
disclosure."  Dkt. #132, ¶ 8.

Since the defendant has not made a sufficient showing that disclosure of
the identity of the informants and any informant's potential testimony is essential and
material to the effective preparation of her defense, this request is DENIED.

**"Experts, Medical Records, Weight"**

By this request, the defendant seeks the production of statements from the government setting forth where each item of evidence was found and the weight of each drug found.  Dkt. #125, pp.2-3.  In its response, the government states that it has provided, pursuant to voluntary discovery, preliminary laboratory reports.  Dkt. #132, ¶ 4.  Also in its response, the government indicates that the results and reports of physical and mental examinations and of scientific tests and experiments conducted in connection with this matter have been made available to defendants.  Dkt. #132, ¶ 4. Additionally, the government states that it will comply with defendant's request for expert disclosures relating to those witnesses who will testify pursuant to Federal Rules of Evidence 702, 703 and 705.  *Id*. at ¶ 5.

In a May 9, 2008 letter to counsel for all the defendants, counsel for the government recited in summary fashion its estimation/approximation of the weight of certain quantities of suspected controlled substances.  Dkt. #132-2.  The government has further stated that it has made available all tangible objects obtained pursuant to the search warrants or otherwise and further, that it will make available photographs material to the preparation of a defense or intended to be used at trial.  Dkt. #132, ¶ 6. Accordingly, based on the government's representation that the requested items either have been made available or will be provided to defendant, defendant's request is DENIED as moot.

**"Motion for Discovery Pursuant to Rule 16**
**and Notice of Intention Pursuant to Rule 12"**

As a threshold matter, defendant Maisonet notes that she, through her counsel, received a disclosure memorandum and enclosed materials dated April 4, 2008, as well as a May 9, 2008 letter detailing the pre-trial disclosures made. Notwithstanding the foregoing, defendant Maisonet seeks the production of the following thirteen (13) categories of documents: (1) statements; (2) "scientific"; (3) identification; (4) law enforcement documents; (5) third party documents; (6) other documents; (7) tapes, photographs; (8) witnesses; (9) impeaching information; (10) FRE 404(b) Material; (11) FRE 609 Material; (12) FRE 803(24) Evidence; and (13) Expert Witness - FRCP 16(a)(1)(E). Each of the thirteen (13) categories of documents requested will be separately addressed below.

**(1)     Statements**

By this request, defendant Maisonet seeks the production of any written, recorded, oral or observed statement made by her or made by any uncharged defendant or co-conspirator, including the notes, summaries or memoranda concerning such statements. In addition, this request seeks the production of the transcript of any testimony relating to this action given by any uncharged defendant or co-conspirator before any grand jury. Moreover, defendant Maisonet seeks the production of any hearsay evidence intended to be introduced into evidence during the trial, as well as every statement made by any co-conspirator and used to establish the existence of a conspiracy.

-8-

In its response, the government states, "[a]ll written and recorded statements of defendant have been provided or will be provided, as well as the substance of any oral statements made by each defendant before and after arrest in response to interrogation by any person known to the defendant to be a government agent." Dkt. #132, ¶ 4.  Based upon the government's response that it has previously produced or will produce statements of the defendant, that portion of defendant's request relating to such statements is DENIED as moot.  Moreover, with respect to the defendant's request for statements made by uncharged co-defendants or co-conspirators (what the Court is treating as witness statements), the government states in its response that it will disclose written statements of witnesses and investigative agency or police department memoranda of interviews with witnesses consistent with the requirements set forth in Title 18, United States Code, Section 3500.  The Court notes that the government has previously represented that *Jencks* Act material will be produced no later than one week prior to the commencement of trial.  The Court further notes that elsewhere in her motion for discovery, the defendant sought the production of co-conspirator statements.  Accordingly, defendant's request for the production of witness statements is DENIED, except insofar as those statements may otherwise be subject to disclosure pursuant to the *Jencks* Act.  Finally, defendant's request for the production of the grand jury testimony of any of the defendants, uncharged co-defendants and uncharged co-conspirators is similarly DENIED, except insofar as those statements may otherwise be subject to disclosure pursuant to the *Jencks* Act.

Defendant requests each and every statement of a co-conspirator upon which the government intends to rely at trial to demonstrate the existence of a conspiracy. Dkt. #125, p.3. The government has declined to produce such statements on the grounds that the production of such statements is "outside the purview of Rule 16." See Dkt. #132, ¶ 4 and n.3. While Rule 16 of the Federal Rules of Criminal Procedure provides for liberal discovery of the defendant's own statements, Rule 16 does not authorize the disclosure of statements made by co-conspirators, co-defendants or witnesses. *See United States v. Percevault*, 490 F.2d 126, 131 (2d Cir. 1974). Indeed, Rule 16(a)(2) states:

> **Information Not Subject to Disclosure.** Except as Rule 16(a)(1) provides otherwise, this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. **Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500.**

Fed. R. Crim. P. 16(a)(2) (emphasis added).

Therefore, defendant's request for disclosure of co-conspirator statements is DENIED, except insofar as those statements may otherwise be subject to disclosure pursuant to Title 18, United States Code, Section 3500.

### (2)    Scientific

The defendant seeks the production of any reports concerning any physical or mental examination or scientific test or experiment relating to this case.  Dkt. #125, p.3.  In addition, the defendant requests an opportunity to examine all of the containers in which it is alleged that controlled substances were packaged.  The defendant notes that photocopies of the containers were previously provided to counsel.  *Id*.  In its response the government indicates that the results and reports of physical and mental examinations and of scientific tests and experiments conducted in connection with this matter have been made available to defendants.  Dkt. #132, ¶ 4. Additionally, the government states that it will comply with defendant's request for expert disclosures relating to those witnesses who will testify pursuant to Federal Rules of Evidence 702, 703 and 705.  *Id*. at ¶ 5.  With respect to defendant's request to examine the containers, although the government does not specifically address this request, the government does state in its response,

> [t]he government has made available of [sic] all tangible objects obtained pursuant to search warrants or otherwise and will make available photographs material to the preparation of a defense or intended to be used as evidence-in-chief at trial or obtained from or belonging to the defendant.  The defendants are apprised that they can examine such material in the custody of the DEA and/or the Southern Tier Regional Drug Task Force (STRDTF) and pursuant to Rule 12(b)(4)(B), such evidence shall be used by the government against them at trial.

Accordingly, based on the government's representation that the requested items either have been made available or will be provided to defendant and further, that defense

-11-

counsel may arrange to examine the materials in the custody of the DEA of the STRDTF, defendant's requests are DENIED as moot.

### (3)    Identification

The defendant seeks the production of any visual or audio identification procedures utilized in this case.  Dkt. #125, p.3.  Although the government's response to the defendant's motion does not specifically address the defendant's request for identification procedures, the Court notes that a review of the affidavit of Chautauqua County Sheriff's Department Lieutenant John W. Runkle submitted in support of the electronic eavesdropping warrant reveals that seven of the twelve defendants charged in the Superceding Indictment, including Quentin Leeper, Kevin Mims, Haushaun Leeper, Major Anthony Newton, Roger Allen Leeper, Koran Donell Leeper, and Millicent Leeper, were already known to law enforcement and identified through other investigative techniques as having some level of involvement in this drug distribution enterprise.  Notwithstanding the foregoing, the government is hereby directed to provide the defendant with information concerning the visual or audio identification procedures, if any, used in this case.  Accordingly, defendant's request for the production of identification procedures is GRANTED.

### (4)    Law Enforcement Documents

By this request the defendant seeks the production of all police investigative reports, complaints, evidence logs, intra-departmental memos, records

and other documents maintained by any federal, state or local law enforcement agency

concerning the conduct alleged in the Indictment.  In addition, the defendant seeks the

production of criminal history information for the defendant and any potential witnesses.

In its response the government agrees to disclose the conviction records of all

witnesses it intends to call at trial, as well as the arrest records of each of the

defendants.  Dkt. #132, ¶ 7.  With respect to investigative reports, the government

indicates that such documents will be produced only insofar as disclosure is required

pursuant to the *Jencks* Act.  *Id*. at ¶ 8.  Based upon the government's representations

that the conviction records of all defendants and witnesses will be provided and that

such further documents will provided consistent with the *Jencks* Act, defendant's

request is DENIED as moot.


### (5)    Third Party Documents

By these requests, the defendant seeks the production of documents

obtained from banks, financial institutions, utility companies, home services providers,

common carriers, telephone records, and records from employers.  Dkt. #125, p.5.  As

a threshold matter, the Court notes that there is no constitutional right to discovery in a

criminal case.  *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977).  In its response, the

government contends that it has provided all the materials in its possession that are

within the purview of Rule 16 and in compliance with Rule 12(b)(4)(B) and the

government believes that discovery is complete.  Dkt. #132, ¶ 4.  Accordingly, based

upon the government's representation concerning its compliance with Rules 12(b)(4)(B) and 16, defendant's request for "third party documents" is DENIED as moot.

### (6)    Other Documents

Defendant's request for "other documents" is essentially, a "catch-all" request seeking "[a]ny other documents, not already disclosed, in the possession, custody or control or with which by the exercise of due diligence could come within the control of the prosecution that were prepared in connection with this case or are intended to be used in the trial of the accused."  Dkt. #125, p.5.  As noted above, there is no constitutional right to discovery in a criminal case.  *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977).  Moreover, the government has represented to this Court that it has provided all the materials in its possession that are within the purview of Rule 16 and in compliance with Rule 12(b)(4)(B) and the government believes that discovery is complete.  Dkt. #132, ¶ 4.  Thus, based upon the government's representation concerning its compliance with Rules 12(b)(4)(B) and 16, defendant's request for "other documents" is DENIED as moot.

### (7)    Tapes, Photographs

By this request, the defendant is seeking the production of all video or audio tapes made in connection with the investigation.  Dkt. #125, p.5. In addition, the defendant is seeking the production of any photographs made in connection with this case and any charts, graphs, maps or drawings related to the investigation and

-14-

prosecution of this case.  *Id*.  In its response, the government states that all pertinent

conversations and transcripts thereof have been provided to defendants.  Dkt. #132,

¶ 4.  In addition, based upon the record before this Court, the Court is unaware of the

existence of any discoverable video recordings.  With respect to defendant's request for

charts, graphs, maps or drawings, the government states in its response that it has

made available all tangible objects obtained pursuant to the search warrants or

otherwise and further, that it will make available photographs material to the preparation

of a defense or intended to be used at trial.  Dkt. #132, ¶ 6.  Accordingly, based on the

government's representations, this request is DENIED as moot.


(8)    **Witnesses**

The defendant requests a list of the witnesses intended to be called by

the government during the trial of this matter.  Dkt. #125, p.5.  In its response, the

government declines to provide the names of its potential witnesses at this time and

contends that the defendant has not asserted a sufficient basis to warrant compliance

with such a request.  Dkt. #132, ¶ 9.  Moreover, the government argues that "[w]hile a

Court may generally order disclosure of the identity of witnesses, it should not do so in

the absence of a 'specific showing that disclosure is both material to the preparation of

the defense and reasonable in light of the surrounding circumstances.'" Dkt. #132, ¶ 10;

*citing, United States v. Bejasa*, 904 F.2d 137, 140 (2d Cir.), *cert. denied*, 111 S.Ct. 299

(1990).  Based on the record before this Court, this Court finds that defendant has not

made a specific showing that disclosure, at this time, is both material to the preparation

of the defense and reasonable in light of the circumstances.  The Court expects,

however, that such information shall be provided to counsel for each of the defendants in accordance with the scheduling order to be issued by the trial judge.  Accordingly, defendant's request is DENIED.

### (9)    Impeaching Information

In her request entitled "impeaching information," the defendant seeks seven sub-categories of information which could be utilized for the impeachment of prosecution witnesses, including, conviction records of trial witnesses and police personnel records or information revealing prior misconduct on the part of any witness. In addition, by this request the defendant seeks information concerning any favorable treatment a witness may have received, prior testimony of any such witnesses and informant information.  Dkt. #114, ¶¶ 106-113.  As noted above, the government has agreed to disclose the conviction records of all witnesses it intends to call to testify at trial.  The government further stated that it will provide evidence of other crimes, wrongs and acts under Federal Rules of Evidence 404(b), 608 and 609 which may be used as impeachment material, "consistent with its disclosure of Jencks material."  Dkt. #132, ¶ 13.  Moreover, in response to several other requests, counsel for the government has acknowledged his affirmative duty to provide defendant with exculpatory evidence, as well as evidence that the defendant might use to impeach the government's witnesses. Finally, in its response, the government states, "[t]he government agrees to provide impeachment Brady material, i.e., promises of leniency or immunity agreements with government's witnesses, criminal records of prosecution witnesses, immoral, various or criminal acts committed by witnesses, and prior inconsistent statements no later than

one week prior to the commencement of trial, at which time the government will produce the Jencks Act material."  Dkt. #132, ¶ 16.

"[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *United States v. Coppa*, 267 F.3d 132, 146 (2d Cir. 2001).  The prosecution is obligated to disclose and turn over *Brady* material to the defense "in time for its effective use."  *Id.* at 144.  With respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his direct testimony.  *See* 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2; *In re United States*, 834 F.2d 283 (2d Cir. 1987).  However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order to be issued by the trial judge.

Based on the representations made by counsel for the government, with respect to its obligations to produce impeachment material, *Brady* material and *Jencks* Act material, defendant's request is DENIED, but the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant.

In response to that portion of defendant's request for "police personnel records," the government states,

> [t]he government is unaware of any instance of conduct located in the personnel files of any prospective government witness **who is employed by the United States** which would provide exculpatory or favorable information to the defendant as suggested by defendants Quentin J. Leeper or Major Anthony Newton. The disclosure of such information, if it exists, is predicated upon a showing of materiality by the defendant as a pre-condition to its disclosure. Any ambiguities regarding disclosure should be resolved by the Court in camera.

Dkt. #132, ¶ 11 (emphasis added). The Court reminds counsel for the government that *Brady*, *Giglio* and their progeny dictate that the government's obligation to disclose material favorable to the accused extends to information that impeaches the credibility of the government's witnesses, including law enforcement witnesses, regardless of the witnesses' employer. In other words, the language in the government's response which purports to limit its obligation to only those witnesses employed by the United States is incorrect. Accordingly, counsel for the government is hereby directed to ensure that a proper request and review of the personnel files of all law enforcement witnesses, regardless of their employer, is conducted and that all properly discoverable information is disclosed to the defendant in a timely fashion as provided by *Brady*, *Giglio* and their progeny.

-18-

**(10)   FRE 404(b) Material**

By this request, the defendant is seeking the disclosure of evidence of any alleged criminal or immoral conduct intended to be used against her pursuant to Federal Rule of Evidence 404(b).  Dkt. #125, p.6.  In its response, the government does notify the defendants of its intention to offer proof during its case-in-chief of such crimes, wrongs and acts and that such proof is both relevant and admissible pursuant to Rule 404(b) of the Federal Rules of Evidence.  In addition, the government states that it will provide this information consistent with its disclosure of *Jencks* material.  Dkt. #132, ¶ 13.  Based on the representations made by counsel for the government, defendant's request is DENIED as moot.

**(11)   FRE 609 Material**

By this request, the defendant seeks the production of any evidence of prior convictions of witnesses which may be used for impeachment at trial.  Dkt. #125, p.6.  The government has agreed to disclose the conviction records of all witnesses it intends to call to testify at trial.  The government further states that it will provide evidence of other crimes, wrongs and acts under Federal Rules of Evidence 404(b), 608 and 609 which may be used as  impeachment material, "consistent with its disclosure of Jencks material."  Dkt. #132, ¶ 13.  Accordingly, based on the representations made by counsel for the government, this request is DENIED as moot.

### (12)   FRE 803(24) Evidence

The defendant seeks the production of any hearsay statements which the government will offer at trial.  Dkt. #125, p.6.  In its response, the government states that all written and recorded statements of defendants have been provided, as well as the substance of any oral statements made by each defendant before and after arrest. Beyond the production of the above-described statements, "[t]he government declines to provide those other materials requested in the motions as outside the purview of Rule 16."  Dkt. #132, ¶ 4 (internal footnote omitted).  Accordingly, consistent with the government's response, this request is GRANTED in part and DENIED in part.

### (13)   Expert Witnesses - FRCP 16(a)(1)(E)

By this request, the defendant is seeking the production of information relating to the identity of the government's expert witnesses, if any, the qualifications of any expert witness, and a summary of any expert witnesses opinions and anticipated testimony.  Dkt. #125, p.6-7.  In addition, the defendant is seeking to compel the production of ten (10) categories of documents and information pursuant to Federal Rule of Criminal Procedure 16(a)(1)(A)(B)(C) and (D).  *Id.*  In its response, the government has stated that it will comply with defendant's request for expert disclosures relating to those witnesses who will testify pursuant to Federal Rules of Evidence 702, 703 and 705.  Based on the representations made by counsel for the government, that portion of defendant's request seeking expert witness disclosures is DENIED as moot.

With respect to defendant's Federal Rule of Criminal Procedure 16 demands, the Court notes, as it has elsewhere in this Decision and Order, that there is no constitutional right to discovery in a criminal case. *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). On the one hand the defendant states that the government has provided "some voluntary discovery" and on the other hand the defendant states "the defense has been given a great volume of discovery materials ...". In its response, the government states:

> [t]he government contends that it had provided, pursuant to voluntary discovery and requests made by defendants, the wiretap application, affidavit, warrant, sealing order, search warrant and inventories and affidavits thereto, preliminary laboratory reports, two DVDs containing all pertinent conversations, and transcripts thereof constituting all material presently within its possession that is within the purview of Rule 16 and in compliance with Rule 12(b)(4)(B) and believes that discovery is thereby complete.

Dkt. #132, ¶ 4 (internal footnote omitted). Additionally, the defendant maintains that all written and recorded statements of defendants have been provided or will be provided, well as the substance of any oral statements made by each defendant before and after arrest. Beyond what has previously been produced or what the government has explicitly agreed to produce, the government has declined to provide those other materials requested in defendant's motion on the grounds that it is outside the purview of Rule 16. Based on the foregoing, the defendant's request is DENIED.

**"Particulars"**

    The defendant asserts that she requires a bill of particulars setting forth information concerning the conspiracy alleged in the Indictment.  Dkt. #125, pp.7-8. Specifically, the defendant seeks the identity or information sufficient to identify each "unknown" person referenced in the Indictment, as well as, the nature of her relationship to any of the other defendants.  In addition, the defendant seeks information to establish the precise date and place it is alleged she became a member of the conspiracy, conduct alleged to have been in furtherance of the conspiracy and any other overt acts that the government intends to prove at trial that are not recited in the Indictment.  *Id*.  In response, the government maintains that the Indictment (and Superceding Indictment), together with the discovery provided is more than sufficient and that the demand for a bill of particulars is unwarranted.  Moreover, the government states, "[t]he volume of discovery provided thus far in this action provides an overall picture of each defendant's culpability and actions relative to the conspiracy ..."  Dkt. #132, ¶ 17.

    The defendant's request for a bill of particulars is DENIED.  It has become axiomatic that the function of a bill of particulars is to apprise a defendant of the essential facts of the crime for which he has been charged.  *United States v. Salazar,* 485 F.2d 1272, 1277-78 (2d Cir. 1973); *cert. denied*, 415 U.S. 985 (1974); *Wong Tai v. United States*, 273 U.S. 77 (1927).  The charges in the Superceding Indictment, along with the discovery materials provided by the government, clearly inform the defendant

of the essential facts of the crimes charged.  As a result, the defendant is not entitled

to, nor is he in need of, the "particulars" being sought for that purpose.

> A bill of particulars should be required only where the
> charges of the indictment are so general that they do not
> advise the defendant of the specific acts of which he is
> accused."  *United States v. Feola*, 651 F. Supp. 1068, 1132
> (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert.
> denied*, 493 U.S. 834, 110 S.Ct. 110, 107 L.Ed.2d 72
> (1989); *see also United States v. Leonelli*, 428 F. Supp. 880,
> 882 (S.D.N.Y. 1977).  "Whether to grant a bill of particulars
> rests within the sound discretion of the district court."  *United
> States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing
> *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.),
> *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474
> (1980)); *see also [United States v.] Bortnovsky*, 820 F.2d
> [572] at 574 [(2d Cir. 1987)].  "Acquisition of evidentiary
> detail is not the function of the bill of particulars."  *Hemphill
> v. United States*, 392 F.2d 45, 49 (8th Cir.), *cert. denied*, 393
> U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990); *see also United States v.*

*Chen*, 378 F.3d 151, 163 (2d Cir.), *cert. denied*, 543 U.S. 994 (2004); *United States v.*

*Porter*, No. 06-1957, 2007 WL 4103679 (2d Cir. Nov. 19, 2007), *cert. denied*, 128 S.Ct.

1690 (2008).

## "Motion to Exclude Statements by Non-testifying Co-conspirators"

The relief sought by the defendant, to exclude from the trial "any

statements made by others other than those testifying co-conspirators or other

witnesses that have been noticed to defense at the trial herein," must be sought in the

form of a motion *in limine* before the United States District Judge to whom this case is

assigned.  Dkt. #125, pp.8-9.  Accordingly, this request is DENIED.

**"Motion for Revelation of Identity of Informants"**

By this request, the defendant is seeking both the identity of the government's informants, as well as what can otherwise be described as the early disclosure of *Jencks* Act material for such witnesses/informants.  With respect to the defendant's request for the identification of the government's informants, defendant's request is DENIED for the reasons set forth above.  With respect to the early disclosure of Jencks Act material as it relates to the government's witnesses/informants, the request is DENIED for the reasons discussed below.

**"*Jencks* Material"**

The defendant seeks to have this Court order that the government is to provide her with *Jencks* Act material "at least thirty days in advance of trial so as to permit its meaningful use by the defense."  Dkt. #125, p.9.  Title 18, United States Code, Section 3500 only requires that statements of witnesses called by the government be turned over to the defendant after the witness has completed his testimony on direct examination.  In its response, the government states, "[t]he government agrees to provide impeachment <u>Brady</u> material, i.e., promises of leniency or immunity agreements with government's witnesses, criminal records of prosecution witnesses, immoral, various or criminal acts committed by witnesses, and prior inconsistent statements no later than one week prior to the commencement of trial, at which time the government will produce the <u>Jencks Act</u> material."  Dkt. #132, ¶ 16.  Accordingly, it appears from the government's response to the instant motion that the

government has adopted a policy of turning such information over to the defendant prior to trial, the government is hereby directed to comply with that policy, or in the alternative, produce such information in accordance with the scheduling order issued by the trial judge.

**"Favorable Information"**

Under the heading "Favorable Information," defendant seeks, *inter alia*, what can be more specifically classified as *Brady*, *Giglio* and *Jencks* material. Elsewhere in her motion, defendant specifically seeks *Brady*, *Giglio* and early disclosure of *Jencks* material and the Court has previously addressed those requests. Also under this heading, the defendant seeks more generally, information that would be material to the preparation of her defense.  In addition, defendant seeks the production of information relating to specific instances of other crimes, wrongs and acts under Federal Rules of Evidence 404(b), 608 and 609 which she may use as impeachment material.  In its response, counsel for the government has acknowledged his affirmative duty to provide defendant with exculpatory evidence, as well as evidence that the defendant might use to impeach the government's witnesses.  Moreover, counsel for the government further acknowledges his continuing duty to produce such material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963).  With respect to the defendant's request for evidence of other crimes, wrongs and acts under Federal Rules of Evidence 404(b), 608 and 609, impeachment material, the government states that it will provide such information "consistent with its disclosure of <u>Jencks</u> material."  Dkt. #132, ¶ 13.

Finally, as previously noted elsewhere in this Decision and Order, the government contends that it has previously produced material in its possession which falls within the purview of Rule 16 and in compliance with Rule 12(b)(4)(B).  Dkt. #132, ¶ 4. Accordingly, based on the representations made by counsel for the government, defendant's request for "favorable information" is DENIED as moot.

**"Motion for Disclosure of Witness Statements"**

Defendant's request for the disclosure of witness statements is simply another way to request "statements" and "*Jencks* Act material."  The Court refers the parties to its previous discussions concerning the production of "statements" and "*Jencks* Act material" above.  Accordingly, for the reasons set forth above, the defendant's request for witness statements is DENIED.

**"Motion for Preservation of Rough Notes"**

By this "motion," defendant seeks an Order directing all government agents and officers who participated in the investigation to retain and preserve all rough notes taken as part of the investigation.  Dkt. #125, p.11.  The government argues that there is no basis at this time for the production of the requested materials, if they exist. However, the government, without conceding that rough notes are in any way subject to disclosure, affirmatively states that, if they exist, it will endeavor to maintain such materials.  Dkt. #132, ¶ 8.  Accordingly, based on the representations made by counsel for the government, this request is DENIED as moot.

**"Joining in Motions of Co-defendants Previously Filed and to be Filed"**

The defendant seeks to join in any and all motions filed or to be filed on behalf of her co-defendants. Dkt. #125, p.11.  This request is GRANTED with the further directive and finding that the decision made by this Court as to each of the co-defendant's requests contained in the motion in which this defendant joins shall also be deemed to be the finding and Order of this Court as to the defendant herein.


**"Permission to File Additional Motions"**
**"Motion for Leave to Make Other and Further Motions"**

The defendant requests this Court's permission "to file additional motions once the discovery has been completed and the defendant is in a better position to make determinations as to any further relief that may be necessary."  In support of her request, the defendant states, "[t]he defense has been given a great volume of discovery materials involving a number of individuals now known to the defendant.  This motion is submitted in order to keep the schedule as promulgated by the Court.  It will be necessary, however, to supplement this motion based upon the defendant's further examination of the materials already provided, as well as those anticipated to be forthcoming."  Dkt. #125, p.11.  This request is GRANTED subject to the limitations as contained in the aforesaid quotations.

**The Government's Reciprocal Fed. R. Crim. P. 16(b) Request**

The government has requested that the defendant permit it to inspect and copy various books, records, papers, documents, photographs and other tangible objects, including reports of physical or mental examinations and of scientific tests or experiments, within the possession or control of the defendant which the defendant intends to introduce as evidence in chief at the trial along with written summaries of expert witnesses' testimony that the defendant intends to use. Since the defendant has moved pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure for similar materials and information, the government is entitled to this information pursuant to Rule 16(b)(1) and its request is GRANTED.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v.*

-28-

*Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).  **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

DATED:      Buffalo, New York
            September 2, 2009


                                        **s/ H. Kenneth Schroder, Jr.**
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**

-29-