UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.  **DECISION AND ORDER**
08-CR-69S-12,4

JOSE MARTINEZ
RONIQUIKE E. MAISONET,

Defendants.

1. Presently before this Court is Defendant Jose Martinez's "Motion to Dismiss Indictment for Prosecutorial Misconduct before the Grand Jury and/or Outrageous Governmental Conduct." (Docket No. 209.)[1] Defendant Maisonet has also joined this motion. (Docket No. 212.) For the reasons that follow, the motion is denied.

2. Defendant Martinez is charged, along with ten co-defendants, by way of Superseding Indictment, with knowingly, willfully, and unlawfully combining, conspiring, and agreeing with others, known and unknown, to commit offenses against the United States, that is, possessing with intent to distribute, and to distribute, 500 grams or more of a mixture and substance containing cocaine, and manufacturing, possessing with intent to distribute and to distribute, 50 grams or more of a mixture and substance containing cocaine base, both Schedule II controlled substances in violation of Title 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 841(b)(1)(B); all in violation of Title 21 U.S.C. § 846. Martinez was not named in the original Indictment.

---

[1] The Government filed a response in opposition to Defendant's motion (Docket No. 211), and Defendant submitted a reply (Docket No. 218). Additionally, the Government voluntarily submitted the transcripts before the Grand Jury involving the testimony of Lieutenant John W. Runkle and one unidentified witness. Both witnesses testified before the Grand Jury on June 10, 2008.

3. Thereafter, Martinez filed the instant Motion to Dismiss the Superseding Indictment. In his motion, Martinez contends that the government engaged in prosecutorial misconduct before the Grand Jury warranting dismissal of the Superseding Indictment against him. Martinez argues that the government prejudiced the Grand Jury by "poisoning their minds" with misleading questions and the use of hearsay statements. He contends that this alleged misconduct was the sole reason he was named in the Superseding Indictment because "there is – there was no other evidence tying [him] to the – to any – any conspiracy." (Docket No. 207, Tr. 8, 12.)

4. Martinez cites five examples of the government's alleged prosecutorial misconduct. First, Martinez argues that he was unfairly prejudiced by the government's presentation of testimony implicating him in the murder of Quincy Turner. Second, he argues that the government allowed Runkle to misleadingly testify about 12 phone calls between Turner and a number allegedly used by Martinez, when in fact the calls were not recorded, the speakers were not identified and the content of the conversation was unknown. (Docket No. 209 ¶ 27.) Third, Martinez argues that he was prejudiced by testimony that he sold Turner a car that was allegedly used in a drive-by shooting. (Docket No. 209 ¶¶ 52-56; Docket No. 218 ¶ 6.) Fourth, he contends that one witness linked him to the name "Rico Suave," without any evidence supporting that connection. (Docket No. 218 ¶ 3.) Finally, Martinez argues that the government's use of hearsay testimony before the Grand Jury on June 10, 2008, constitutes misconduct. (Docket No. 209, ¶ 48; Docket No. 218, ¶ 3.)

5. The Grand Jury's purpose under the Fifth Amendment is to determine whether indictments should issue. The Grand Jury is intended to operate independently

of the Executive and Judicial branches. See United States v. Williams, 504 U.S. 36, 47-48, 112 S.Ct. 1735, 118 L.Ed.2d 352 (1992). "[T]o ensure a grand jury's independence, a district court has limited supervisory authority over the grand jury." United States v. Funderburk, 492 F. Supp. 2d 223, 260 (W.D.N.Y. 2007) (citing Williams, 504 U.S. at 46-47).

6. Where appropriate, violations of the Fifth Amendment's guarantee to an independent and impartial Grand Jury may be remedied by dismissal of the Indictment. In particular, "the Second Circuit has upheld the power of courts [] to dismiss an indictment only in the case of extreme prosecutorial misconduct." United States v. Urso, No. 03-CR-1382, 2006 WL 681204, at *8 (E.D.N.Y. Mar. 16, 2006) (citing United States v. Hogan, 712 F.2d 757, 761-62 (2d Cir. 1983); United States v. Vetere, 663 F. Supp. 381, 386-87 (S.D.N.Y. 1987)).

7. To succeed on a Motion to Dismiss, the defendant must establish that the errors alleged substantially influenced the Grand Jury's decision to indict, or that there is a "grave doubt" that the Grand Jury's decision to indict was free from the substantial influence of the alleged violations. Bank of Novia Scotia v. United States, 487 U.S. 250, 256, 108 S.Ct. 2369, 101 L.Ed.2d 228 (1988). The Indictment will not be dismissed if the court concludes that any prosecutorial misconduct amounted to "harmless error." United States v. Williams, 504 U.S. 36, 64, 112 S.Ct. 1735, 118 L.Ed.2d 352 (1992) (concluding that the "customary harmless-error inquiry is applicable where [] a court is asked to dismiss an indictment prior to the conclusion of the trial"). The "remedy of dismissal has been applied only in extreme circumstances." James v. United States, No. 00-CV-8818, 2002 WL 1023146, at *12 (S.D.N.Y. May 20, 2002).

8. Applying these principles, this Court finds that dismissal of the Superseding Indictment is not warranted. Martinez has not demonstrated that the Grand Jury's decision to indict him was substantially influenced by the government's alleged misconduct, nor has Martinez demonstrated a "grave doubt" that the Grand Jury was not independent or unbiased.

9. As an initial matter, this Court rejects Martinez's argument that, absent the allegedly prejudicial questions by the government about Turner's homicide, Martinez would not have been indicted because there is insufficient evidence tying him to the conspiracy. This Court has reviewed the Grand Jury testimony at issue, and finds, on the basis of these transcripts, that there *is* sufficient evidence tying Martinez to the conspiracy, evidence that is untainted by Martinez's allegations of misconduct. Moreover, this Court finds that the testimony elicited concerning the Turner murder, calls between Turner and Martinez, the sale of the car, and the identification of Martinez as "Rico Suave" was not unfairly prejudicial and does not approach extreme prosecutorial misconduct. See Hogan, 712 F.2d at 761-62. But even assuming the existence of misconduct, this Court finds it harmless in light of the other evidence of Martinez's involvement in the conspiracy that the government presented to the Grand Jury. See Williams, 504 U.S. at 64.

10. Further, to the extent Martinez's argument can be construed as challenging the sufficiency of the evidence, it is well settled that a Grand Jury's Indictment cannot be challenged on the ground that it is supported by inadequate or incompetent evidence. See Costello v. United States, 350 U.S. 359, 363-64 (1956); cf Williams, 504 U.S. at 54 ("A complaint about the quality or adequacy of the evidence can always be recast as a complaint that the prosecutor's presentation was incomplete or misleading). And as to

4

Martinez's argument that the government's use of hearsay evidence requires dismissal, this Court notes that "it is entirely permissible for the government to use hearsay evidence in its presentation to the grand jury." United States v. Ruggiero, 934 F.2d 440, 447 (2d Cir. 1991).[2]

11. Accordingly, for the reasons stated above, Defendant Jose Martinez's Motion to Dismiss the Superseding Indictment is denied.

Dated: January 3, 2010
      Buffalo, NY

                              /s/William M. Skretny
                              WILLIAM M. SKRETNY
                              Chief Judge
                              United States District Court

---

[2] Although Ruggiero discussed two limited circumstances in which the use of hearsay evidence may render an indictment invalid, Defendant does not address these exceptions. 934 U.S. at 447. Rather, Defendant simply points out that the government elicited hearsay testimony without elaborating how its use was impermissible.